### In re OPINION OF THE JUDGES.

### In re JOHNNIE WASHINGTON.

No. A-5390. Opinion Filed Oct. 8, 1925.
(239 Pac. 676.)

Opinion rendered by EDWARDS, J., in response to communication:

To His Excellency, the Governor of the State of Oklahoma:

The judges of the Criminal Court of Appeals responding to the official communication of Hon. M. E. Trapp, as Governor of Oklahoma, to this court which presents for the consideration of the judges of the court a certified copy of the record of the conviction of Johnnie Washington, with the request that we give an opinion upon

said record as prescribed by section 2786, Comp. Okla. Stat. 1921. The certified record discloses that the said Johnnie Washington was on the 12th day of December, 1924, in the district court of Jackson county, sentenced to death, in accordance with the verdict of the jury, as returned upon his trial finding him guilty of murder and sentencing the death penalty, which judgment and sentence was that such execution should take place on the 19th day of February, 1925. And there being further presented by said official communication a certified copy of the record of the proceedings of said district court on the 8th day of September, 1925, by which it is made to appear that the said judgment and sentence of December 12, 1924, has not been executed and remains in force, and that on the application of the county attorney the said Johnnie Washington was again brought before the said district court of Jackson county, and by said court sentenced to death in accordance with the verdict aforesaid, which judgment and sentence is that said execution shall take place on Friday the 20th day of November, 1925. We hereby submit the following opinion:

The records accompanying the request of his excellency, the Governor, further disclose that no appeal has been taken in said cause and that the time for appeal has expired. There is then submitted to this court this proposition: Has there been an observation of all the formalities of law essential to the taking of human life? That is, has the trial, conviction, and sentence of death been in accordance with the law of the land?

Upon a full examination and consideration of the record, testimony, and proceedings submitted, we find that the information sufficiently charges the crime of murder, and that the charge is clearly and conclusively proven by the evidence introduced upon the trial. And that in the light of the evidence there can be no reason-

able doubt of the defendant's guilt of murder; that the defendant, while engaged in a burglary in the nighttime, was accosted by an officer in the line of his duty, and, without warning, the defendant shot and killed such officer. The defendant had counsel appointed by the court, who fully protected all his legal rights. The proceedings of the trial were orderly, the instructions in the case correctly state the law applicable, and we find no error in the proceedings of the trial.

It further appears that for some reason, not apparent upon the record before us, but stated by the court in the proceedings of September 8, 1925, to have been through an inadvertence of the warden of the state penitentiary that the defendant was not electrocuted at the time fixed in the original sentence, and that the judgment has not been executed and remains in force.

Sections 2796, 2797, Comp. Stat. 1921, are as follows:

Sec. 2796: "If, for any reason, a judgment of death has not been executed, and remains in force, the court in which the conviction was had, on the application of the county attorney, must order the defendant to be brought before it, if he is at large, a warrant for his apprehension may be issued."

Sec. 2797: "Upon the defendant being brought before the court, it must inquire into the facts, and if no legal reason exists against the execution of the judgment, must make an order that the sheriff of the proper county execute the judgment at a specified time. The sheriff must execute the judgment accordingly."

The latter section is modified by section 2799, Comp. St. 1921, which provides that the execution of death shall be within the walls of the state prison at McAlester.

Under these provisions of law, it was legal and valid that the defendant be returned to Jackson county, and sentence be ordered carried out as provided therein. We are of opinion that the defendant, Johnnie Washington,

had a fair and impartial trial, and that all the formalities of law and proceedings, including those of September 8, 1925, essential to the infliction of the death penalty, have been observed.

BESSEY, P. J., and DOYLE, J., concur.